UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOA NHAT DOAN THAI, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | Civil Action No. 3:25-cv-02221-X-BN |
| v. | § | |
| | § | |
| KRISTI NOEM, et al. | § | |
| | § | |
| *Respondents*. | § | |

## ORDER

Before the Court is Petitioner-Plaintiff Boa Nhat Doan Thai (Thai)'s Emergency Petition for Writ of Habeas Corpus (Habeas Petition) (Doc. 2) and Emergency Application for Temporary Restraining Order and/or Preliminary Injunction (TRO) (Doc. 4) against Respondents-Defendants (the "government"). Thai requests this Court order his immediate release from ICE custody under his previous Order of Supervision.   For the reasons outlined below, this Court finds the government had legal authority to re-detain Thai and denies Thai's Habeas Petition (Doc. 2), denies as moot Thai's TRO (Doc. 4), and denies as moot Thai's Motion for Hearing on Habeas Petition and Preliminary Injunction (Motion for Hearing) (Doc. 13).

## I.    Factual Background

In 1980, Thai, a native to Vietnam, arrived in the United States.   In 2003, after being convicted of conspiracy to commit assault with a deadly weapon, an immigration judge issued an order to remove Thai.   At the time Thai was ordered

1

removed, there was no formal repatriation provisions for pre-1995 Vietnamese nationals, so the government placed him on an Order of Supervision.

Foreign affairs between the United States and Vietnam changed in 2020 when the countries created a process of removal for pre-1995 arrivals. More recently, in 2025, the government has removed approximately 70 pre-1995 Vietnamese nationals. As Thai expected, on July 25, 2025, the government re-detained him during his annual check-in and took him to Prairieland Detention Center.

Thai alleges that the government never provided him an informal interview, explanation for his re-detention, or an opportunity to respond. The government contests this, stating it provided Thai with an informal interview, explanation for his re-detention, and opportunity to respond; however, the government only supports its allegation with a speculative declaration littered with caveats.

Since Thai has been in ICE custody, the government has prepared travel documents to submit to Vietnam for Thai's removal. Thai has not yet been issued travel documents or removed due to this Court's Order requiring the government to cease all efforts to effectuate Thai's removal until the Court rules on this action.

## II.    Legal Standards

### A. Petition for Writ of Habeas Corpus

Thai seeks release through a petition for writ of habeas corpus under 28 U.S.C. § 2241(c)(1) and the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq.*. To be entitled to a writ of habeas corpus, the petitioner must show that he is "in

custody in violation of the Constitution or laws or treaties of the United States."[1]   A writ of habeas corpus is reserved for fundamental defects resulting in a complete miscarriage of justice or wholly inconsistent with the demands of fair procedure.[2] This exceptional relief "is the precious safeguard of personal liberty and there is no higher duty than to maintain it unimpaired."[3]   It is the petitioner's burden to demonstrate that a constitutional violation has occurred.[4]

Generally, the Fifth Circuit has found a writ of habeas corpus to be an inappropriate remedy when officials failed "to follow their own policies, without more, does not constitute a violation of due process."[5]   Another court in this district has found that the failure to follow notice regulations related to the re-detention of aliens subject to a removal order does not warrant habeas relief.[6]

## B. Detention and Re-detention of Aliens

The authority of ICE to detain aliens under federal law derives from INA, which directs the Attorney General of the United States to affect the removal of any alien from this country within 90 days of any order of removal.[7]   After the 90-day period, if "removal is no longer reasonably foreseeable, continued detention is no

---

[1] 28 U.S.C. § 2241(c)(3).

[2] *Hill v. United States*, 368 U.S. 424, 428 (1962).

[3] *Bowen v. Johnston*, 306 U.S. 19, 26 (1939).

[4] *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam).

[5] *Iruegas-Maciel v. Dobre*, 67 F. App'x 253, 253 (5th Cir. 2003).

[6] *Nguyen v. Noem et al.*, No. 6:25-cv-00057-H, at *12 (N.D. Tex. Aug. 10, 2025) (Hendrix, J.); *Phan v. Noem et al.*, No. 6:25-cv-00055-H, at *7 (N.D. Tex. Sept. 12, 2025) (Hendrix, J.).

[7] 8 U.S.C. § 1231(a)(1).

longer authorized by statute" and the alien must be released and may be subject to an Order of Supervision.[8]   Later, ICE may revoke the alien's release "and return the alien to custody if, on account of changed circumstances, [ICE] determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." [9]   Once an alien is re-detained, the regulations provide for certain procedures: ICE should "conduct an initial informational interview promptly after [the alien's] return to [ICE] custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification."[10]

### III.   Analysis

**A. Even if the government failed to provide Thai with an informal interview, notice of the reason for revocation, and the opportunity to respond, Thai would not be entitled to habeas relief.**

Under 8 C.F.R. § 241.13(i)(3), once an alien is re-detained, ICE should provide the alien an informal interview, notice of the reason for revocation, and the opportunity to respond.[11]   Thai asserts that the government failed to follow those procedural requirements.[12]   The government asserts it complied.[13]   However, when this Court ordered the government to provide evidence of compliance with the procedural requirements under the regulations, the government's declaration

---

[8] *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

[9] 8 C.F.R. § 241.13(i)(2).

[10] 8 C.F.R. § 241.13(i)(3).

[11] *Id.*

[12] *See* Doc. 2 at 2; Doc. 12 at 21; Doc. 20 at 2.

[13] Doc. 9 at 7; Doc. 16 at 2.

included "vague, incomplete information" instead of curing the procedural defect.[14] But even if the government violated these procedural requirements, the Court follows suit with other cases in this district and finds that Thai is still not entitled to the habeas relief he is seeking.[15]

> **a. Thai got more procedure through this lawsuit than the regulations call for, so any error would be harmless.**

Harmless error applies in immigration cases generally.[16]    The same is true for an agency's procedural violations.[17]    Under a harmless-error analysis, the party asserting error bears the burden of demonstrating prejudice.[18]

Through this lawsuit, Thai has received more procedure than was due under the 8 C.F.R. § 241.13(i)(3).[19]    Indeed, through these proceedings Thai has

> had the opportunity to make a full argument to a federal court regarding his detention, submit evidence, respond to the respondents' arguments, and even benefit from the Court's various orders asking for more information and promises from the respondents . . . provid[ing] information of a scope greater than what he was entitled to under Section 241.13(i)(3) . . . [and] has clearly been given notice because the respondents have fully explained through briefing and declarations the basis for their conclusion.[20]

Therefore, even if the Court agreed with Thai that the government failed to

---

[14] *See* Doc. 15; Doc. 17 at 5–6.

[15] *See Nguyen v. Noem et al.*, No. 6:25-cv-00057-H (N.D. Tex. Aug. 10, 2025) (Hendrix, J.); *Phan v. Noem et al.*, No. 6:25-cv-00055-H (N.D. Tex. Sept. 12, 2025) (Hendrix, J.).

[16] *Jalloh v. Garland*, No. 202117, 2023 WL 1859918, at *2 (5th Cir. 2023) (citing *Ngarurih v. Ashcroft*, 371 F.3d 182, 190 n.8 (5th Cir. 2004)) (further citation omitted).

[17] *See City of Arlington v. FCC*, 668 F.3d 229, 243–44 (5th Cir. 2012).

[18] *Id.* at 243.

[19] 8 C.F.R. § 241.13(i)(3).

[20] *Nguyen v. Noem et al.*, No. 6:25-cv-00057-H, at *12 (N.D. Tex. Aug. 10, 2025) (Hendrix, J.).

abide by the regulations under Section 241.13(i)(3), the error was harmless because of the robust procedures available throughout this case. The Court refuses to grant Thai the extraordinary relief of release.

### b. Even if the error was harmful, habeas relief is inappropriate.

Thai has not asserted that he had any constitutional right to the procedure under Section 241.13(i)(3). Instead, Thai's allegation that his Fifth Amendment rights were violated rests on his assertion that his continued detention is unjustifiable.[21] A violation of Section 241.13(i)(3) alone cannot justify Thai's release through granting a writ of habeas corpus because the procedural requirements under Section 241.13(i)(3) are mere administrative regulations, not constitutional requirements.[22] Therefore, because habeas is an extreme remedy and any potential error (harmful or not) does not raise to the level of creating a constitutional due process violation, Thai's release would be an inappropriate remedy.

## B. There has been both a holistic and individualized change in circumstances creating a significant likelihood that Thai may be removed to Vietnam in the reasonably foreseeable future.

Thai next asserts that the government violated section 241.13(i)(2) and the Fifth Amendment by re-detaining him without a change in circumstances, making his removal not reasonably foreseeable, and entitling him to immediate release from custody.[23] Because both alleged violations turn on the same question of law, the

---

[21] Doc. 2 at 30–31.

[22] *See United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272–73 (distinguishing between ordinary procedural violations and constitutional due-process violations).

[23] Doc. 2 at 26; Doc. 12 at 14–21.

6

Court addresses them together and concludes that changed circumstances justify Thai's detention. So, there is neither a violation of Section 231.13(i)(2) nor the Fifth Amendment.

8 C.F.R. § 241.13(i)(2) provides that ICE may revoke release "if, on account of changed circumstances, [ICE] determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." Thai cites authorities that are not binding on this Court, suggesting there must be an individualized finding of a change in circumstances for an alien to be re-detained under the INA.[24] Instead, the Court is persuaded by a fellow judge in this district that "[t]he plain text of Section 241.13(i)(2) does not include an individualized determination."[25] And even if an individualized determination were required, the Court finds that there are changed circumstances both particular to Thai and generally applicable to pre-1995 Vietnamese nationals.

First, an individualized change in circumstances unique to Thai exist. Thai states no individualized assessment has occurred, nor has the complex, lengthy, and uncertain process for obtaining travel documents begun.[26] The government refutes this by providing evidence that the required travel documents for Thai and have been

---

[24] *Kong v. United States*, 62 F.4th 608, 619–20 (1st Cir. 2023) (citing 8 C.F.R. § 241.13(i)(2)); *Phan v. Beccerra,* No. 2:25-CV-01757-DC-JDP, 2025 WL 1993735, at *4–6 (E.D. Cal. July 16, 2025), *Hoac v. Beccerra, et al.,*, No. 2:25-CV-01740-DC-JDP, 2025 WL 1993771, at *3 (E.D. Cal. July 16, 2025), and *Nguyen v. Hyde,* No. 25-CV-11470-MJJ, 2025 WL 1725791, at *3 (D. Mass. June 20, 2025); *Roble v. Bondi, et. al.,* No. 25-CV-3196, 2025 WL 2443453, at *4 (D. Minn. Aug. 25, 2025).

[25] *Phan v. Noem et al.*, No. 6:25-cv-00055-H, at *11 (N.D. Tex. Sept. 12, 2025) (Hendrix, J.) (cleaned up).

[26] Doc. 12 at 18.

7

sent to ICE headquarters and have not been sent to Vietnam due to this Court's August 19, 2025 Order.[27]   Thus, the government has demonstrated that, despite not being necessary, some change in circumstances unique to Thai exist as his travel documents have been completed and will be sent to Vietnam as soon as the Court allows the government to continue taking actions related to Thai's removal.

Second, there has been a general change in circumstances for aliens who arrived from Vietnam before 1995.  Thai asserts that there has been no change in the long-standing policy or practice of the repatriation of pre-1995 Vietnamese nationals.[28]   The government responded that there had been "executive branch assessment indicating high probability for removal including a recent flight to Vietnam from the United States removing other pre-1995 Vietnamese [nationals]."[29] Further, the government presented undisputed evidence that relationships between the two countries has changed since January 2025 as travel documents are being approved by Vietnam and removals of pre-1995 Vietnamese nationals are happening at an increasing rate.[30]

The Court "listen[s] with care" to the government's foreign policy judgments on "the status of repatriation negotiations" and the status of diplomatic relationships.[31]   And the Court gives the Executive Branch the leeway to make its

---

[27] *See* Doc. 6; Doc. 16 at 3–4.

[28] Doc. 2 at 9.

[29] Doc. 9 at 5.

[30] Doc. 9 at 5–6; Doc. 10 at 4–5.

[31] *Zadvydas v. Davis*, 533 U.S. 678, 700 (2001).

8

own determinations about the status of foreign affairs.   Accordingly, the Court finds that the government made clear that the holistic circumstances regarding the repatriation of pre-1995 Vietnamese nationals have sufficiently changed to create a significant likelihood that Thai may be removed to Vietnam in the reasonably foreseeable future.

## IV.    Conclusion

For the foregoing reasons the Court **DENIES** Plaintiff-Petitioner's Emergency Petition for Writ of Habeas Corpus (Doc. 2), **DENIES AS MOOT** Plaintiff-Petitioner's Emergency Application for Temporary Restraining Order and/or Preliminary Injunction (Doc. 4), and additionally **DENIES AS MOOT** Plaintiff-Petitioner's Motion for Hearing on Habeas Petition and Preliminary Injunction (Doc. 13)[32]   The government may now take any further action or steps to remove Petitioner from the United States that it deems necessary.

**IT IS SO ORDERED** this 17th day of September, 2025.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[32] *United States v. Garcia-Rodriguez*, 640 F.3d 129, 134 (5th Cir. 2011) ("The district court may conduct a hearing, take testimony, and receive additional evidence, as it deems appropriate, in order to make the necessary factual determinations."); *Gallegos v. Quarterman*, 265 F. App'x 300, 303 (5th Cir. 2008) ("When the district court has sufficient facts before it to make an informed decision on the merits of the habeas petitioner's claim, it does not abuse its discretion in failing to conduct an evidentiary hearing.") (cleaned up).